1

2

3

4

5

6

7

8    **IN THE UNITED STATES DISTRICT COURT**

9    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DUANE H. SCEPER,                          No. CIV S-10-3341-KJM-CMK

12              Plaintiff,

13        vs.                                 FINDINGS AND RECOMMENDATIONS

14   THAI CAFÉ, et al.,

15              Defendants.

16   _____/

17          Plaintiff, who is proceeding with retained counsel, brings this civil action.

18   Defendants' defaults were properly entered by the Clerk of the Court on January 27, 2011.   Now

19   pending before the court is plaintiff's motion for a default judgment (Doc. 15).

20          Whether to grant or deny default judgment is within the discretion of the court.

21   See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising this discretion, the

22   court considers the following factors:  (1) the possibility of prejudice to the plaintiff if relief is

23   denied; (2) the substantive merits of plaintiff's claims; (3) the sufficiency of the claims raised in

24   the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material

25   facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring

26   decisions on the merits when reasonably possible.  See Eitel v. McCool, 782 F.2d 1470, 1471-72

1

1   (9th Cir 1986).  Regarding the last factor, a decisions on the merits is impractical, if not

2   impossible, where defendants refuse to defend.  See Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp.

3   2d 1172, 1177 (C.D. Cal. 2002).

4          Where a defendant has failed to respond to the complaint, the court presumes that

5   all well-pleaded factual allegations relating to liability are true.  See Geddes v. United Financial

6   Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam); Danning v. Lavine, 572 F.2d 1386 (9th

7   Cir. 1978); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per

8   curiam); see also Discovery Communications, Inc. v. Animal Planet, Inc., 172 F. Supp. 2d 1282,

9   1288 (C.D. Cal. 2001).  Therefore, when determining liability, a defendant's default functions as

10  an admission of the plaintiff's well-pleaded allegations of fact.  See Panning v. Lavine, 572 F.2d

11  1386 (9th Cir. 1978).  However, the court has the responsibility of determining whether the facts

12  alleged in the complaint state a claim which can support the judgment.  See Danning v. Lavine,

13  572 F.2d 1386, 1388 (9th Cir. 1978).  For this reason, the district court does not abuse its

14  discretion in denying default judgment where the factual allegations as to liability lack merit.

15  See Aldabe, 616 F.2d at 1092-93.

16          While factual allegations concerning liability are deemed admitted upon a

17  defendant's default, the court does not presume that any factual allegations relating to the amount

18  of damages suffered are true.  See Geddes, 559 F.2d at 560.  The court must ensure that the

19  amount of damages awarded is reasonable and demonstrated by the evidence.  See id.  In

20  discharging its responsibilities, the court may conduct such hearings and make such orders as it

21  deems necessary.  See Fed. R. Civ. P. 55(b)(2).  In assessing damages, the court must review the

22  facts of record, requesting more information if necessary, to establish the amount to which

23  plaintiff is lawfully entitled.  See Pope v. United States, 323 U.S. 1 (1944).

24  / / /

25  / / /

26  / / /

2

1        In this case, plaintiff claims that defendants violated the Americans with

2 Disabilities Act and related California statutes.  Plaintiff seeks statutory damages, attorney's fees,

3 and costs, as well as injunctive relief directing defendants to remedy any and all violations.  The

4 factual allegations regarding defendants' liability are deemed admitted by way of defendants'

5 default.  Therefore, it is established that defendants violated the Americans with Disabilities Act.

6 Under California Civil Code § 51(f), any violation of the Americans with Disabilities Act also

7 constitutes a violation of California's Unruh Civil Rights Act.  Under California Civil Code

8 § 52(a), a plaintiff is entitled to treble actual damages but no less than $4,000.00 in statutory

9 damages for each violation.  In this case, defendants violated the Americans with Disabilities Act

10 on four occasions, as alleged in the complaint.  Rather than actual damages, plaintiff seeks

11 statutory damages totaling $16,000.00, which the court finds to be appropriate.

12        Plaintiff also seeks attorney's fees in the amount of $5,845.00 for 16.7 hours of

13 work, as set forth in plaintiff's counsel's declaration.  Plaintiff is entitled to reasonable attorney's

14 fees as determined by the court.  <u>See</u> <u>id.</u>  Counsel states in his declaration that he is a 1988

15 graduate of Western State University School of Law in San Diego, California.  He also states that

16 he was been practicing ADA and disability access law for "nearly ten years."  Counsel adds that,

17 over that period, he defended "approximately two hundred fifty (250) ADA claim . . . ."  He also

18 states that he travels throughout California "providing workshops, seminars, lectures and other

19 presentations to business groups regarding compliance with the ADA and associated disability

20 access regulations and law."  Given this background, the court finds that counsel's hourly rate of

21 $250 is consistent with the rate awarded to experiences counsel in other ADA cases, and is

22 therefore reasonable.

23 / / /

24 / / /

25 / / /

26 / / /

The court finds, however, that some of the time plaintiff's counsel spent on the case is excessive, especially in light of counsel's extensive experience, the straightforward nature of the case, and the lack of any unique legal or factual issues in the case.  Specifically, the court finds:

• Counsel states he spent .5 hours to "[r]eview photos of parking lot; cross check for parking lot violations, ADAAG & CBC."  He spent an additional 1.5 hours to "[r]esearch applicable ADAAG & CBC sections in re parking specs." and additional .2 hours to "[r]esearch CA VC § 22511.10 in re application to ADA claim."  In light of counsel's extensive ADA experience and obvious familiarity with the applicable laws and regulations, the court finds that spending a total of 2.2 hours on these tasks is unreasonable and recommends reducing this time by 1.5 hours to allow .7 hours on these tasks.

• Counsel states that he spent another .4 hours to "review photos from client depicting non-compliant parking conditions . . . ."  This work is duplicative of work described above to review photos, and is therefor unreasonable.  The court recommends disallowing this amount entirely.

• Counsel states that he spent 1.9 hours drafting the complaint and another .7 hours to "[f]inalize and Efile ADA complaint."  The court finds that spending a total of 2.6 hours to draft and file what is obviously a form complaint is unreasonable and recommends reducing this amount by 1.6 hours to allow 1 hour on these tasks.

• Counsel states that he spent .7 hours to "[a]rrange for service of Summons and Complaint" with his attorney service.  The court finds it hard to imagine how this task could have taken nearly an hour to complete, especially given that ADA litigation is the focus of counsel's practice and, therefore, both his office and attorney service should be familiar enough with this task to accomplish them with little to no requirement for counsel to "arrange" anything.  The court recommend allowing .2 hours on this task.

/ / /

1        • Counsel states that he spent 5.8 hours preparing and filing the instant motion for

2    default judgment.  Again, given counsel's experience and the number of his prior cases which

3    were resolved by way of default judgment, the court finds that this amount is unreasonable to

4    prepare what is obviously a form motion.  The court recommends reducing this amount by 2.8

5    hours to allow 3 hours for these tasks.

6        In summary, the court recommends that plaintiff recover attorneys fees in the

7    amount of $2,475.00.

8        Plaintiff seeks costs totaling $477.25.  The court finds that such costs are

9    permitted under 42 U.S.C. §§ 12188(a)(1) and 2000a-3(a) and that the costs requested are

10   reasonable.

11       Finally, plaintiff seeks injunctive relief pursuant to 42 U.S.C. § 12188(a)(2),

12   which mandates injunctive relief for violations of the Americans with Disabilities Act that "shall

13   include an order to alter facilities to make such facilities readily accessible to and usable to

14   individuals with disabilities to the extent required by this subchapter."  The court finds that such

15   injunctive relief is appropriate in this case.

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

Based on the foregoing, the undersigned recommends that:

1.     Plaintiff's motion for default judgment (Doc. 15) be granted;

2.     Plaintiff be awarded monetary damages of $18,952.25; and

3.     An injunction issue consistent with law directing defendants' compliance with the Americans with Disabilities Act.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 2, 2011

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE